No. 285

CAMERON et v. HAM

Ohio Appeals, 6th Dist., Fulton Co.

No. 80.    Decided Jan. 29, 1926

147.    BILLS, NOTES AND CHECKS — 1. Endorsement in blank is unconstitutional, and qualified endorsement of subsequent indorser will not change liability of previous indorser in blank.

2. Indorser, to be qualified, must use some words or phrase showing clear intent to limit or qualify indorsement.

HOUCK, J.

Frank S. Ham sued upon a note endorsed:

"L. C. Cameron"

"W. E. Fowler"

"Without recourse"

Proper notice and demand were made upon the said Cameron, who refused payment, asserting that he was an endorser without recourse.

"The note introduced into evidence showed the words "without recourse" under the name of W. E. Fowler and in his handwriting. The Fulton Common Pleas gave judgment on said note to Ham. Error was prosecuted and the Court of Appeals held:

1. The words "without recourse" appearing only after the name of Fowler, apply only to him.

2. Cameron cannot claim the rights of a qualified endorser by taking advantage of the qualified endorsement of Fowler.

3. A person wishing to qualify or limit his liability on the instrument must clearly indicate that his indorsement is limited or qualified.

Judgment affirmed.

Attorneys—Fowler; Johnson, Johnson & Farber for Cameron et; Ham, Winn, Paxson & Canfield for Ham; all of Wauseon.

---

No. 286

HOFFMAN v. ROTH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6727.    Decided Dec. 7, 1925

1029.    RESCISSION—It is the universal right of parties to rescind their contracts, and defense may not deny this right, but if damaged, should set up such damages.

SULLIVAN, J.

Aaron Roth and Harry Hoffman entered into a contract whereby Hoffman was to sell to Roth a certain grocery store. Roth deposited $500 with Hoffman, said sum to apply on the purchase price of the store.

There was a condition in the said agreement that the seller was to pay the agent representing him in the sale, the sum of $50 as commission, and if not accepted by the agent, "this agreement shall be null and void."

The contract of sale was never consummated, Roth rescinding and demanding a return of his deposit.

The cause was tried in the Cleveland Municipal Court, and Hoffman's only defense was that Roth had no right to rescind and was therefore not entitled to recover the amount of his deposit. Court ruled for Roth. Hoffman prosecuted error and the Court of Appeals held:

1. It is the universal right of every party to a contract to rescind because the law makes him liable in damages.

2. The remedy of the injured party is not to deny the right of the other party to rescind, but to ascertain his damages and set them up as a cross claim to the claim of the plaintiff.

Judgment affirmed.

Attorneys—Morris H. Wolfe for Hoffman; F. A. Silverman & Ben E. Jitchell for Roth; all of Cleveland.